███████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>    *Plaintiff*,<br><br>*v.*<br><br><br>ALCATEL-LUCENT USA, INC.,<br><br>    *Defendant*. | CIVIL ACTION NO. 2:18-CV-00478-JRG |

**ALCATEL-LUCENT USA INC.'S
PREVIOUSLY AND NEWLY PRESENTED MOTIONS *IN LIMINE***

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF EXHIBITS ................................................................................................................ v

(Previously Presented) Motion *in Limine* No. 2: IPR Proceedings ................................... 1

(Previously Presented) Motion *in Limine* No. 6: Assertion that the '327 Patent
    Contains Disclosures or Written Description Otherwise Present Only in
    Unasserted Patents ................................................................................................ 2

(Previously Presented) Motion *in Limine* No. 8: The "Plurality of Thresholds"
    Limitation............................................................................................................... 3

(Previously Presented) Motion *in Limine* No. 10: The Patent-in-Suit Should Not
    Be Conflated with Industry Standards .................................................................. 5

(Previously Presented) Motion *in Limine* No. 11: Oyster will not elicit any
    testimony at trial regarding the circumstances of entering into the Fujitsu
    license (*i.e.* no parol evidence or other facts/opinions from a fact witness
    concerning its scope, but Oyster may offer testimony of the existence of
    the Fujitsu license). ............................................................................................. 6

(Previously Presented) Motion *in Limine* No. 13: Oyster, its counsel, and its
    witness—including its expert Mr. Dell—should be precluded from
    offering Mr. Dell's damages number in the litigation between Oyster and
    Fujitsu, or asserting or implying that the royalty base in Mr. Dell's expert
    report in the Oyster v. Fujitsu litigation included all of the products Oyster
    accused of infringing the '327 Patent. .................................................................. 7

(Previously Presented) Motion *in Limine* No. 14: Oyster should be precluded from
    relying on Fujitsu-related documents produced after the June 15, 2018
    discovery cutoff. .................................................................................................. 9

(Previously Presented) Motion *in Limine* No. 16: Oyster's Fed. R. Civ. P. 30(b)(6)
    Testimony ........................................................................................................... 10

(Newly Presented) Motion in Limine No. 18: Oyster should be precluded from
    offering attorney argument, evidence, or testimony concerning Alcatel's
    substituted damages expert ................................................................................. 13

(Newly Presented) Motion *in Limine* No. 19: Oyster should be precluded from insinuating that the Fujitsu License and the Court's prior rulings suggest the '327 Patent is valid and infringed. ................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*,
   759 F.3d 1285 (Fed. Cir. 2014).................................................................................3

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
   359 F. Supp. 2d 558 (E.D. Tex. 2005)....................................................................3

*Cellular Comm'ns Equip. LLC v. Apple, Inc.*,
   No. 6:14-cv-251, Dkt. No. 261 (E.D. Tex. Sept. 2, 2016)....................................5, 6

*Connectel, LLC v. Cisco Sys., Inc.*,
   391 F. Supp. 2d 526 (E.D. Tex. 2005)....................................................................3

*CSIRO v. Cisco Sys., Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015)...............................................................................6

*Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*,
   No. 2:16-cv-0052, Dkt. No. 440 (E.D. Tex. Sept. 15, 2017)..................................5

*Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*,
   No. 2:16-cv-0055, Dkt. No. 398 (E.D. Tex. Oct. 16, 2017) ...................................5

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
   No. 2:16-cv-00052-JRG-RSP, Dkt. No. 440 (E.D. Tex. Sept. 29, 2017) ...............2

*Ierardi v. Lorillard, Inc.*,
   1991 WL 158911 (E.D. Pa. Aug.13, 1991) .........................................................11

*Oyster Optics, LLC v. Fujitsu Network Comm'n, Inc.*,
   Case No. 2:18-cv-00153-JRG, Doc. No. 1 .........................................................8, 9

*Promethean Insulation Tech. LLC v. Sealed Air Corp.*,
   No. 2:13-cv-1113, Dkt. No. 279 (E.D. Tex. Oct. 13, 2015) .................................10

*SEVEN Networks, LLC, v. Google LLC*,
   2:17-CV-00442-JRG, Dkt. No. 603 (EDTX Jan. 16, 2019) .................................14

*Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*,
   2007 WL 4410370 (N.D. Tex. Dec.14, 2007) .....................................................11

*Tyco Healthcare Grp. LP v. Applied Medical Resources Corp.*
   No. 9:06-cv-15, Dkt. No. 192 (E.D. Tex. March 31, 2009)..................................10

*United States v. Taylor*,
   166 F.R.D. 356 (M.D.N.C. 1996) ........................................................................11

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*,
    782 F.3d 671 (Fed. Cir. 2015)..................................................................................................3

**RULES**

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................................................9

FRE 402 and 403 ...........................................................................................................................3

FRE 403 .........................................................................................................................................4

FRE 802 .........................................................................................................................................4

Rule 30(b)(6)...............................................................................................................6, 10, 11, 12

**STATUTES**

35 U.S.C. § 112..............................................................................................................................3

**TABLE OF EXHIBITS**

**Exhibit B:**   Portion of Expert Report of Stephen E. Dell, CVA Relating to Damages (Jan. 10, 2018) ("Dell Rep.")

**Exhibit C:**   Portion of 10/16/2017 Transcript of Pre-Trial Hearing, *Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-0055, Dkt. No. 398 (E.D. Tex. Oct. 16, 2017) ("Pre-Trial Hr'g Tr.")

**Exhibit D:**   Order on Motions *in Limine*, *Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-0052, Dkt. No. 440 (E.D. Tex. Sept. 15, 2017)

**Exhibit E:**   Order on Motions *in Limine*, *St. Lawrence Commc'ns LLC v. Motorola Mobility LLC*, 2:15-cv-349-JRG, Dkt. No. 458 (E.D. Tex. Mar. 2, 2017)

**Exhibit F:**   Order on Motions *in Limine* and Pretrial Motions, *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-cv-00080-JRG, Dkt. No. 253 (E.D. Tex. Oct. 3, 2017)

**Exhibit G:**   Order Regarding Motions *in Limine*, *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, 2:13-cv-213-JRG-RSP, Dkt. No. 248 (E.D. Tex. Jan. 1, 2015)

**Exhibit H:**   Portion of Transcript from the Deposition of Michael Stephen Lebby (Feb. 16, 2018) ("Lebby Dep.")

**Exhibit I:**   Portion of the Transcript from the Deposition of Peter Snawerdt (Dec. 15, 2017) ("Snawerdt Dep.")

**Exhibit J:**   Order Regarding Motions *in Limine*, *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33, Dkt. No. 370 (E.D. Tex. Sept. 30, 2015)

**Exhibit K:**   Order, *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, Dkt. No. 762 (E.D. Tex. Dec. 12, 2010)

**Exhibit L:**   Order Regarding Motions *in Limine*, *Cellular Comm'ns Equip. LLC v. Apple, Inc.*, No. 6:14-cv-251, Dkt. No. 261 (E.D. Tex. Sept. 2, 2016)

**Exhibit M:**   Alcatel-Lucent's Second Notice of Deposition to Plaintiff **(Previously Exhibit A from Dkt. No. 674)**

**Exhibit N:**   E-mail dated June 15, 2018 **(Previously Exhibit B from Dkt. No. 674)**

**Exhibit O**   E-mail dated June 21, 2018 **(Previously Exhibit C from Dkt. No. 674)**

**Exhibit P**   Excerpts from Deposition of Jeffrey Ronaldi **(Previously Exhibit D from Dkt. No. 674)**

**Exhibit Q**  Redlined Plaintiff's Disclosure of Asserted Claims and Infringement Contentions to Fujitsu Network Communications (**Previously Exhibit E from Dkt. No. 674)**

**Exhibit R**  Complaint against Fujitsu, dated April 17, 2018 (**Previously Exhibit F from Dkt. No. 674)**

**Exhibit S**  Fourth Supplemental Expert Report of Stephen Dell (**Previously Exhibit G from Dkt. No. 674)**

**Exhibit T**  Corrected Expert Report of Stephen E. Dell, dated Jan. 10, 2018 (**Previously Exhibit H from Dkt. No. 674)**

**Exhibit U**  E-mail dated June 22, 2018 (**Previously Exhibit I from Dkt. No. 674)**

**Exhibit V**  May 2018 Fujitsu License ("Fujitsu License")

**Exhibit W**  Order, *SEVEN Networks, LLC, v. Google LLC*, 2:17-CV-00442-JRG, Dkt. No. 603 at 2 (EDTX Jan. 16, 2019)

**Exhibit X**  Excerpts from Deposition of Mr. Dell

Defendant Alcatel-Lucent USA Inc. ("ALU" or "Alcatel") respectfully moves *in limine* to preclude certain arguments, evidence, and testimony from trial. Prior to the appeal, Alcatel had previously filed two documents containing its Motions *in Limine* (-1302 Dkt. Nos. 492 and 674). Plaintiff Oyster Optics, LLC ("Oyster") and Alcatel thereafter filed a Joint Stipulation Regarding Motions *in Limine* (-1302 Dkt. No. 800) resolving a number of these issues. But Alcatel's Motions *in Limine* Nos. 2, 6, 8-11, 13-14, and 16 (as originally numbered) were not resolved and are being refiled herein (as updated where applicable). Alcatel also submits new Motions *in Limine* Nos. 18 and 19. The Joint Stipulation Regarding Motions *in Limine* (-1302 Dkt. No. 800) remains in effect.

**(Previously Presented) Motion *in Limine* No. 2: IPR Proceedings**

The parties should be precluded from presenting evidence or argument regarding the petition for, or outcome of, *Inter Partes* Review (IPR) proceedings, including any decisions to institute or not institute review. But the parties should not be precluded from presenting evidence or argument regarding statements made by the parties to the Patent Trial and Appeal Board (PTAB) in IPR proceedings to the extent the statements are admissible under the Federal Rules of Evidence. The parties should refer to any such statements as statements "made to the Patent Office," without identifying the existence of IPR proceedings.

Alcatel (as well as Alcatel's prior co-defendants)[1] filed several Petitions for *Inter Partes* Review of Oyster's various patents. Some of those Petitions were instituted and some were not. In accordance with this Court's past practice, Alcatel moves to preclude any party from mentioning the existence or institution outcome of any Petition; however, Alcatel understands that statements

---

[1] At the time this Motion *in Limine* was originally filed in 2018, it was filed on behalf of various Defendants from consolidated cases. Alcatel was not an explicit party to every IPR that was filed. Of relevance here, however, Alcatel was a party to IPR2018-00259, which did concern the '327 Patent, but was not a party to other IPRs, such as IPR2017-01882, which also concerned the '327 Patent.

made by the parties themselves may be used to the extent admissible. *See* Ex. D, *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, Dkt. No. 440, at 2-3 (E.D. Tex. Sept. 29, 2017) ("The parties are precluded from presenting evidence or argument regarding the petition for, or outcome of, inter partes review (IPR) proceedings, including any decisions to institute or not institute review. The parties are not precluded from presenting evidence or argument regarding statements made by the parties to the Patent Trial and Appeal Board (PTAB) in IPR proceedings to the extent the statements are admissible under the Federal Rules of Evidence. The parties shall refer to any such statements as statements 'made to the Patent Office,' without identifying the existence of IPR proceedings."). In the event that a party's statement to the PTAB is admissible, Alcatel requests that the parties be limited to referring to such statements as statements "made to the Patent Office" without identifying the existence of the IPR. *Id.*

**(Previously Presented) Motion *in Limine* No. 6: Assertion that the '327 Patent Contains Disclosures or Written Description Otherwise Present Only in Unasserted Patents**

The parties should be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion that the '327 Patent contains disclosures present only in an unasserted patent. For example, Alcatel expects Plaintiff to rely on testimony from its invalidity expert, Dr. Lebby, and the inventor, Peter "Rocky" Snawerdt, regarding the teaching of phase modulation in *other* patents to argue that the '327 patent adequately discloses how to perform phase modulation. Dr. Lebby testified ██████████████████████████████ ████████ Ex. H, Lebby Dep. 153:22-156:15. Similarly, Mr. Snawerdt testified ████████ ██████████████████████████████████████████████████████ ████████ Ex. I, Snawerdt Dep. 129:15-130:9. Alcatel believes Plaintiff will use this testimony to rebut Alcatel's defenses of written description and enablement with respect to the '327 patent. But Plaintiff is not permitted to satisfy the written description or enablement

requirements for the '327 Patent by using disclosures from a different patent; the patent itself must disclose sufficient information to enable or teach persons of ordinary skill. 35 U.S.C. § 112; *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 682-85 (Fed. Cir. 2015); *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1298-99 (Fed. Cir. 2014). Thus, under FRE 402 and 403, Plaintiff should be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion that an asserted patent contains disclosures present only in an unasserted patent (including those patents previously asserted and since withdrawn).

**(Previously Presented) Motion *in Limine* No. 8: The "Plurality of Thresholds" Limitation**

Oyster should be precluded from introducing evidence or argument that the "plurality of thresholds" limitation of the '327 Patent is met based on the use of "hysteresis." On February 26, 2018, Alcatel filed a motion to strike aspects of Oyster-expert Dr. Dallesasse relating to his allegations of Alcatel's use of hysteresis as satisfying the "plurality of thresholds" limitation. Mot. to Strike, -1302 Dkt. No. 256. Alcatel has re-filed that motion today in the instant litigation. Mot. to Strike, -478 Dkt. No. 13. That motion explains what appears now to be uncontested: Oyster's infringement contentions never identified hysteresis as corresponding or related to any limitation of any asserted claim. *Id.* at 2-5; *see also* Reply to Mot. to Strike, -1302 Dkt. No. 347.

Because the hysteresis allegation was not contained in Oyster's infringement contentions, Oyster should be precluded from making the argument at trial. *See, e.g.*, *Am. Video Graphics, L.P. v. Elec. Arts, Inc.,* 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005); *Connectel, LLC v. Cisco Sys., Inc.,* 391 F. Supp. 2d 526 (E.D. Tex. 2005).

In the event the Court grants Alcatel's Motion to Strike (-487 Dkt. No. 13), Alcatel respectfully requests the Court similarly grant this motion *in limine* and preclude Oyster from argument outside the scope of its infringement contentions.



**(Previously Presented) Motion *in Limine* No. 10: The Patent-in-Suit Should Not Be Conflated with Industry Standards**

Oyster should be precluded from offering any argument, evidence, or testimony that the benefits and importance of the '327 Patent are derived from, comparable to, or coextensive with the benefits and importance of any optical standard and should be precluded from arguing that Alcatel's accused products meet all of the limitations of the '327 Patent claim based on compliance with any industry standard or implementation agreement.

On the issue of value, this Court routinely grants this type of motion *in limine* in cases involving patents and industry standards, and the issue is no different here. Ex. L, *Cellular Comm'ns Equip. LLC v. Apple, Inc.*, No. 6:14-cv-251, Dkt. No. 261, at 3 (E.D. Tex. Sept. 2, 2016) (excluding "[a]ny argument, evidence, testimony, or reference implying that the benefits and importance of the [asserted] patent is derived from, comparable to, coextensive with the benefits and importance [of industry standards]"); Ex. D, *Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, No.

2:16-cv-0052, Dkt. No. 440, at 10 (E.D. Tex. Sept. 15, 2017) ("Huawei may not present evidence or argument that the benefits from the asserted patent(s) are derived from the value of the standard as a whole or any increased value the patented feature gains from its inclusion in the standard."). Such a limitation is consistent with the Federal Circuit's requirement in *Ericsson v. D-Link* that "any royalty award must be based on the incremental value of the invention, not the value of the standard as a whole or any increased value the patented feature gains from its inclusion in the standard." 773 F.3d 1201, 1235 (Fed. Cir. 2014) (emphasis added); *see also CSIRO v. Cisco Sys., Inc.*, 809 F.3d 1295, 1304 (Fed. Cir. 2015).

Moreover, Oyster should be precluded from arguing that Alcatel's accused products meet all of the limitations of the asserted claims based on compliance with any industry standard or implementation agreement. Such a ruling also complies with the same motion *in limine* from the *CCE* case, where the Court ruled that a party "may not conflate the [] Standard with the [patent-in-suit]" and may only "present the [] Standard as background to contextualize" the patent. Ex. L, *Cellular Comm'ns Equip. LLC*, No. 14-cv-251-KNM, Dkt. No. 261, at 3.

**(Previously Presented) Motion *in Limine* No. 11: Oyster will not elicit any testimony at trial regarding the circumstances of entering into the Fujitsu license (*i.e.* no parol evidence or other facts/opinions from a fact witness concerning its scope, but Oyster may offer testimony of the existence of the Fujitsu license).[3]**

As Alcatel previously explained (-1302 Dkt. 626 at 1-2), Alcatel served a Rule 30(b)(6) notice to Oyster concerning the release/license/exhaustion defenses. Oyster did not want that deposition to occur. The notice contained five topics—four concerning the factual circumstances

---

[3] Regarding this *limine*, Oyster has provided that "we are generally fine with the language below as it is consistent with the parties' understanding during the re-opened 'new defenses' discovery. I think it would be preferable if you could add to the proposed stipulation that it does not apply to expert witnesses, though admittedly this is already clear in the language below." The parties are continuing to work together in good faith to see if an agreement regarding this motion *in limine* may be reached.

and negotiations leading to the Oyster/Fujitsu Agreement. Ex. M, ALU Second Notice of Deposition of Oyster. Alcatel withdrew four of those topics based upon Oyster's express agreement not to elicit any testimony at trial regarding the circumstances of entering into the Fujitsu license.

Specifically, Alcatel offered to withdraw the four topics if "(2) Oyster agreed not to elicit any testimony at trial regarding the circumstances of entering into the Fujitsu license (*i.e.* no parol evidence or other facts/opinions from a fact witness concerning its [the Agreement's] scope, but obviously testimony of its [the Agreement's] existence would be fine)." Ex. N, E-mail dated June 15, 2018, at 1. Oyster responded by agreeing: "We agree and so stipulate to the first area and points (1) and (2) below." *Id*.

Alcatel confirmed that agreement a second time. Alcatel wrote to Oyster: "[A]s to the deposition, we have one agreement but are at an impasse as to the rest. As to the topics concerning the Fujitsu agreement itself, in lieu of putting forward a witness, Oyster . . . further stipulates that Oyster will not elicit any testimony at trial regarding the circumstances of entering into the Fujitsu license (*i.e.* no parol evidence or other facts/opinions from a fact witness concerning its scope, but obviously testimony of its existence would be fine)." Ex. O, E-mail dated June 21, 2018 at 2. Oyster confirmed a second time: "To confirm, the parties have reached a resolution on the need for a 30(b)(6) deposition of Oyster on all noticed topics, except for one." *Id*. at 1. The Court should hold Oyster to its stipulation.

**(Previously Presented) Motion *in Limine* No. 13: Oyster, its counsel, and its witness— including its expert Mr. Dell—should be precluded from offering Mr. Dell's damages number in the litigation between Oyster and Fujitsu, or asserting or implying that the royalty base in Mr. Dell's expert report in the Oyster v. Fujitsu litigation included all of the products Oyster accused of infringing the '327 Patent.**

Oyster has accused a plethora of Fujitsu products of infringing the '327 Patent across multiple litigations. But in the now-settled litigation between Oyster and Fujitsu—Case No. 2:16-



cv-01299-JRG—Mr. Dell offered a damages calculation regarding only a subset of these Fujitsu products. For example, Oyster failed to address many of the Fujitsu products it sought to accuse in its original Infringement Contentions in that matter, and thus, sought to amend those infringement contentions to add, ███████████████████ products. Ex. Q, Proposed Amended Infringement Contentions Against Fujitsu, Dec. 4, 2017, at 2-3. When Oyster's proposed amendment was denied, Oyster filed a separate litigation (Case No. 2:18-cv-00153-JRG) against Fujitsu to allege additional products infringed the '327 Patent. Ex. R, *Oyster Optics, LLC v. Fujitsu Network Comm'n, Inc.*, Case No. 2:18-cv-00153-JRG, Doc. No. 1 at ¶ 40-53. The Oyster-Fujitsu Agreement addressed all products alleged to infringe, and more.

Disregarding the broad scope of the agreement, Mr. Dell's expert report attempts to distort the value of the products covered by the settlement agreement by pointing to his opinions from the initial Fujitsu litigation, which covered only a small subset of the products at issue:

Ex. S, Dell/ALU Rpt. at ¶ 6. The support for this paragraph is Mr. Dell's expert report in the Fujitsu case—which was created after the Court denied Oyster's motion to amend its infringement contentions ███████████████ and, therefore, does not address the bulk of the Fujitsu products covered by the recent settlement agreement. Moreover, the version of Mr. Dell's expert report in the Fujitsu litigation that was produced is heavily redacted. *See, e.g.*, Ex. T, Dell's Expert Report in *Fujitsu v. Oyster*. These redactions obscure almost entire sections of his report. *Id.* at 34-44, 66-69. And during Mr. Dell's deposition, he did not know what had been redacted, and he testified that even had he known he would not testify as to its contents due to his belief that the

██████████████████

Protective Order in that litigation would prohibit him from disclosing such information. *See, e.g.*, Ex. X, Dell Dep. Tr. at 30:4-31:4.

This failure to disclose information is a failure of Mr. Dell to comply with Fed. R. Civ. P. 26(a)(2)(B) requiring that an expert report include "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming them." Oyster and Mr. Dell have not made relevant facts and data available to ALU, and ALU has been prevented from fully and effectively examining Mr. Dell's calculations, including which products were (or were not) included in his report. Thus Oyster, Oyster's witnesses, and Mr. Dell should be precluded from offering any testimony regarding Mr. Dell's damages number in the *Oyster v. Fujitsu* litigation or that the associated royalty base included all of the Fujitsu products that Oyster has alleged of infringing the '327 Patent.

**(Previously Presented) Motion *in Limine* No. 14: Oyster should be precluded from relying on Fujitsu-related documents produced after the June 15, 2018 discovery cutoff.**

In reopening discovery related to the release/license/exhaustion defenses, the Court set June 15, 2018, as the "[d]eadline for a party to produce documents and respond to discovery requests limited to the New Defenses." Dkt. No. 596. Oyster, however, ignored this deadline and produced documents after the deadline that Oyster had in its possession for over six months. Specifically, Oyster choose to wait until June 22, 2018, to produce five documents: ██ ████████████████████████████████ (OYST_ALU00006333, 6334, 6335, and 6336), and a redacted version of Mr. Dell's expert report regarding damages in the *Oyster v. Fujitsu* litigation (OYST_ALU00006337). Ex. U, Production E-mail dated July 22, 2018. And Oyster made a further production on July 10, 2018 (OYST_ALU6442-6642) of documents it received in February 2018. All of these documents came into Oyster's possession during its litigation with Fujitsu and, thus, Oyster had these documents and ample time to produce them by the June 15,

2018 deadline. Had Oyster produced these in a timely manner, ALU could have chosen to take third party discovery related to these documents. And Oyster's decision not to produce these documents in a timely manner prejudiced ALU by depriving it of the opportunity to do so, and now Oyster should not be allowed to use these late-produced Fujitsu-related documents. *Tyco Healthcare Grp. LP v. Applied Medical Resources Corp.* No. 9:06-cv-15, Dkt. No. 192, at 5 (E.D. Tex. March 31, 2009) (excluding documents and warning that "Scheduling Order deadlines exist for a reason, and it is to prevent exactly this situation"); *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-cv-1113, Dkt. No. 279, at 2 (E.D. Tex. Oct. 13, 2015) (excluding late produced documents and stating "[t]he Court granted [Plaintiff's] Motion in Limine No. 14 to exclude any [evidence] by Defendants regarding late non-public documents that were produced after the close of discovery and that were not specifically requested by Plaintiff . . ." (internal quotations omitted)).

**(Previously Presented) Motion *in Limine* No. 16: Oyster's Fed. R. Civ. P. 30(b)(6) Testimony**

Oyster should be precluded from offering any testimony concerning the nature of the conception of the invention or the inventive elements that is inconsistent with or goes beyond that disclosed by Oyster's corporate designee.

As part of the supplemental discovery period related to ALU's new defenses, ALU sought to take the Rule 30(b)(6) deposition of Oyster. By way of an agreement between the parties this deposition was limited to a single topic:

> 19. All facts and circumstances related to any contention by Oyster that any Accused Product is not released under the Fujitsu Agreement, that any Accused Product is not licensed under the Fujitsu Agreement, and/or that Oyster's patent rights are not exhausted with respect to any Accused Product.

Despite this limited scope, Oyster refused to make a witness available and sought the protection of the Court to prevent this deposition. *See* -1302 Dkt. No. 618. Prior to Oyster's motion, ALU

specifically informed Oyster as to the lines of questions that would be asked in this deposition.

Indeed, Oyster provided the following synopsis of ALU's intended questions *in its own motion*.

> [W]e intend to ask factual questions concerning any aspect of the asserted claims you contend in your interrogatory responses to be inventive, essential, unique, central, or that cover anything but standard parts. For example, if you contend that a "laser" is inventive, we intend to ask questions concerning Oyster's, including Mr. Snawerdt's, factual knowledge of commercial availability of a "laser" at the time of the invention.

-1302 Dkt. No. 618 at 3. The Court denied Oyster's motion to "prevent ALU's deposition of Mr. Snawerdt." -1302 Dkt. No. 644. In response, Oyster designated *Jeffery Ronaldi* as Oyster's corporate witness and *refused* to make Mr. Snawerdt available. Oyster engaged in this gamesmanship despite affirmatively moving the Court to prevent *Mr. Snawerdt's* deposition.

Oyster should now be limited to its corporate testimony provided by Mr. Ronaldi and should be precluded from offering any testimony beyond his testimony as to the nature of the conception of the invention or the alleged inventive elements of the asserted claims. When a Rule 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject. *See, e.g.*, *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 2007 WL 4410370, at *8 (N.D. Tex. Dec.14, 2007) ("Federal courts have interpreted [Rule 30(b)(6)] as prohibiting a 30(b)(6) representative from disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that subject."); *Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *3 (E.D. Pa. Aug.13, 1991) ("Under Rule 30(b)(6), [the organization] has an obligation to prepare its designee to be able to give binding answers on behalf of [the organization]. If the designee testifies that [the organization] does not know the answer to [deposing attorney]'s questions, [the organization] will not be allowed to effectively change its answer by introducing evidence during trial. The very purpose of discovery is to avoid trial by ambush."); *see also United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.

1996) (holding that the deponent must "review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition . . . to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial.").

Here, Mr. Ronaldi could not answer even basic questions about what Mr. Snawerdt did or did not do in order to combine elements of the prior art into the alleged invention.



Ex. P, Ronaldi Dep. Rgh. Tr. at 70:22-71:23 (objections omitted).





*Id*. at 89:2-13 (*see also id.* at 66:6-9; 82:14-19; 88:19-23).



*Id*. at 63:1-20 (objections omitted), 64:24-65:6.



*Id*. at 82:20-25.

Oyster made a deliberate decision to refuse meaningful Court-ordered discovery as it relates to ALU's new defenses. After the Court rejected its motion, and undeterred by its own representations as to the crux of the dispute, Oyster deliberately designated a witness it knew would be unable to answer the questions ALU intended to ask. As such, Oyster should be held to the 30(b)(6) testimony of its corporate designee, Mr. Ronaldi.

**(Newly Presented) Motion in Limine No. 18: Oyster should be precluded from offering attorney argument, evidence, or testimony concerning Alcatel's substituted damages expert**

Oyster should be precluded from offering any attorney argument (including during *voir dire* and opening and closing statements), evidence, or testimony that ALU substituted its damages expert after the appeal in this litigation. As will be set forth in ALU's forthcoming motion to

substitute, Mr. Fancher now has an ethical conflict because his employer—Deloitte—is now the independent auditor of ALU's parent company, Nokia. Moreover, after ALU conferred with Oyster on the forthcoming motion, ALU proposed to Oyster a number of stipulations that would help manage this situation. One of the stipulations states: "At trial, neither the parties nor their witnesses, including Dr. Gunderson, shall make reference to Mr. Fancher or the fact that Dr. Gunderson adopted the opinions of Mr. Fancher. To the extent needed, the Court will provide an informative instruction to the jury explaining Dr. Gunderson's role as a substitute for Mr. Fancher at the time he is called as a witness." The parties are continuing to negotiate the proposals in order to resolve this issue. To the extent Oyster accepts ALU's stipulation, this motion *in limine* would be rendered moot.

If the stipulation is not accepted, it would be highly prejudicial for Oyster to offer any attorney argument or evidence of the fact that ALU had to substitute its damages expert. Indeed, allowing Oyster to parade this issue in front of the jury would only give rise to jury confusion. Moreover, the fact that Mr. Fancher was substituted has no bearing on the outcome of any issue in the case and is completely mitigated by the fact that Dr. Gunderson (ALU's proposed substitute expert) has adopted the relevant portions of Mr. Fancher's opinions concerning the '327 Patent. To the extent there is any need to mention Mr. Fancher (for example, to allay any potential confusion if Oyster cross-examines Dr. Gunderson using Mr. Fancher's deposition, should Oyster choose to do so), the Court should address the issue using an informative statement to the jury when Dr. Gunderson is called as a witness, as the Court has done in similar situations in the past. Ex. W, Order, *SEVEN Networks, LLC, v. Google LLC*, 2:17-CV-00442-JRG, Dkt. No. 603 at 2 (EDTX Jan. 16, 2019) ("The Court will provide an informative instruction to the jury explaining Dr. Peterson's role as a substitute for Dr. Stewart at the time he is called as a witness.").

**(Newly Presented) Motion** *in Limine* **No. 19: Oyster should be precluded from insinuating that the Fujitsu License and the Court's prior rulings suggest the '327 Patent is valid and infringed.**

Oyster should be precluded from insinuating that Fujitsu's willingness to enter into the Fujitsu License and/or the Court's prior rulings concerning the Fujitsu License are tantamount to a recognition or finding of infringement.

First, Oyster should be precluded from implying or insinuating that Fujitsu took a license because Fujitsu believed it was infringing the '327 Patent or that the '327 Patent was valid. As an initial matter, Fujitsu set forth its opinion on the '327 Patent in the Fujitsu License itself, saying it

███████████████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. V, Fujitsu License at 1.

Moreover, Fujitsu stated that it "███████████████████████████████████████████

███████████████████████████████████ *Id.* Because Fujitsu is a third party to the present litigation involving Alcatel and Oyster, it would be manifestly unfair (and depending on how the issue is introduced, outright hearsay) for Oyster to imply or insinuate that Fujitsu took a license because Fujitsu believed it was infringing or that the patent was valid. Not only is that opinion ███████████████████████████████████ but whether *Fujitsu believed* it was infringing the '327 Patent and whether *Fujitsu believed* the '327 Patent is valid has no bearing on the issues that the jury in the present case will be tasked to decide.

Second, Oyster should be precluded from insinuating or implying that this Court's prior ruling regarding the Fujitsu license is suggestive or tantamount to a finding of infringement or validity. Nothing in the Court's prior ruling suggests infringement or validity, and the Court did not make any affirmative statements suggesting that the Fujitsu License could lead to a recognition of infringement or validity. It would be highly prejudicial for Oyster to attach meaning to the Court's prior ruling that could lead to an undue influence on the jury's perception of the issues.

Date: June 2, 2020

Respectfully submitted,

**ALCATEL-LUCENT USA INC.**

*/s/ M. Scott Stevens*
John D. Haynes (GA Bar No. 340599)
Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
John.Haynes@Alston.com
Michael.Deane@Alston.com

M. Scott Stevens (NC Bar No. 37828)
Stephen R. Lareau (NC Bar No. 42992)
**ALSTON & BIRD LLP**
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: (704) 444-1025
Facsimile: (704) 444-1935
Scott.Stevens@Alston.com
Stephen.Lareau@Alston.com

Deron Dacus
Texas State Bar No. 790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543 Email:
ddacus@dacusfirm.com

**Attorneys for Defendant**
**Alcatel-Lucent USA Inc.**

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(h), I hereby certify that Scott Stevens, counsel for Alcatel-Lucent met and conferred with Reza Mirzaie, counsel for plaintiff Oyster, regarding the relief sought in this motion through a telephonic conference on June 1, 2020 in a good faith attempt to resolve the matter without Court intervention. The parties could not reach agreement as to the relief requested in this motion, and discussions have conclusively ended in an impasse, leaving an open issue of the Court to resolve.

Dated: June 2, 2020

*/s/ M Scott Stevens*
M. Scott Stevens

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5(a)(3) on June 2, 2020.

Dated: June 2, 2020

*/s/ M Scott Stevens*
M. Scott Stevens